# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| ELIZABETH COLLINS, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 5:05-cv-008 (HL) |
| | : | |
| JO ANNE B. BARNHART, | : | |
| Commissioner of the Social Security | : | |
| Administration, | : | |
|     Defendant. | : | |

## O R D E R

Plaintiff Elizabeth Collins currently has three motions pending before this Court: an Application for Attorney Fees Under the Equal Access to Justice Act (doc. 20), a Motion for Extension of Time to File Motion for Attorney Fee Under the Social Security Act (doc. 23), and an Application for Attorney Fee Under the Social Security Act, 42 U.S.C. § 406(b)(1)(A) (doc. 25). Plaintiff requests an Equal Access To Justice Act ("EAJA") award in the amount of $6,481.50 in fees and $187.10 in expenses to be paid to Plaintiff's counsel. Additionally, Plaintiff seeks a § 406(b) award in the amount of $6,834.37.

## I.  BACKGROUND

In January of 1999, Plaintiff filed an application for benefits alleging disability since the previous July due to carpal tunnel syndrome, depression, pain in her shoulders, and swelling in her lower extremities. Her application was denied throughout administrative levels, and again by an Administrative Law Judge ("ALJ") following a hearing. The ALJ decision was affirmed by the Appeals Council, and on January 7, 2005, Plaintiff filed her Complaint (doc. 1), challenging the Defendant Commissioner's decision. On February 23, 2006, Magistrate Judge Richard Hodge

issued a Report and Recommendation (doc. 17), reversing and remanding the Commissioner's decision for further consideration pursuant to Sentence Four of 42 U.S.C. § 405(g).[1] This Court adopted Judge Hodge's Report and Recommendation in an Order (doc. 18) dated March 31, 2006. On remand, the Commissioner awarded Plaintiff benefits in the amount of $49,133.50. Plaintiff received notice of this award on August 21, 2006.

**II.** **DISCUSSION**

In an effort to secure attorney's fees for her counsel, Plaintiff has three motions pending before this Court. Two of the motions are alternate methods of recovery for attorney's fees. The two motions are not mutually exclusive, however, as the funds that are recoverable through each come from different sources. "Congress harmonizes fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). Should Plaintiff succeed in recovering fees under her § 406(b) motion, her counsel shall remit to her the amount sought in her EAJA motion (the lesser of the two amounts). Plaintiff's other motion seeks an extension of time to file one of the attorney's fee motions.

**A.** **Attorney's Fees Under EAJA**

Plaintiff filed an attorney's fee motion pursuant to the Equal Access to Justice Act ("EAJA"),

---

[1]Sentence Four provides: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

2

28 U.S.C. § 2412(d)[2]. The statute has been interpreted by the Eleventh Circuit, which set forth the requisite elements that must be satisfied for a plaintiff to recover an award for attorney's fees:

> There are four pleading requirements established by § 2412(d)(1)(B): (1) the applicant must show that she is a "prevailing party"; (2) the applicant must demonstrate that she is eligible for an award by alleging that she is an individual whose net worth did not exceed $ 2,000,000 at the time the civil action was filed; (3) the applicant must provide an itemized statement from any attorney or expert representing or appearing on her behalf which states the actual time expended and the rate at which fees and other expenses were computed; (4) the applicant must allege that the position taken by the government at the administrative or trial level was not substantially justified.

*Singleton v. Apfel*, 231 F.3d 853, 857 (11th Cir. 2000); *see also **Comm'r v. Jean***, 496 U.S. 154, 158 (1990) (setting forth eligibility requirements for fee award in civil action). Defendant Commissioner does not call into question any of the aforementioned elements. Rather, Defendant's objection to Plaintiff's application is that Plaintiff wrongfully seeks compensation for clerical duties, unnecessary client contact, and excessive hours spent working on the case.

As the fee applicant, Plaintiff bears the burden of establishing the appropriate hours to be compensated. ***Norman v. Hous. Auth. of Montgomery***, 836 F.2d 1292, 1303 (11th Cir. 1988). Plaintiff must show "what the Supreme Court has termed 'billing judgment'" in order to validate eligibility for the awarding of attorney's fees. ***ACLU of Ga. v. Barnes***, 168 F.3d 423, 428 (11th Cir. 1999) (quoting ***Hensley v. Eckerhart***, 461 U.S. 424, 434 (1983)). Due to this requirement, Plaintiff must exclude excessive, redundant, or otherwise unnecessary hours which would be deemed unreasonable to bill to a client. *See id*. "[T]he measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which

---

[2] This code section is not to be confused with 5 U.S.C. § 504, an alternative Equal Access to Justice provision that applies to agency adversary adjudications.

it might theoretically have been done." *Norman*, 836 F.2d at 1306. "If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are excessive, redundant, or otherwise unnecessary." *Surge v. Massanari*, 155 F. Supp. 2d 1301, 1307 (M.D. Ala. 2001) (internal citations and quotation marks omitted).

Defendant objects to several specific tasks on the itemized Time Sheet (doc. 20-2) submitted by Plaintiff's counsel. The billed hours in question are alleged to be unreasonable and, thus, not compensable under the EAJA. Defendant outlines three categories of billed hours that she claims do not fall within the realm of compensable fees: Clerical tasks, unnecessary client contact, and excessive hours. Each of these is discussed below.

**1.     Clerical Tasks**

Defendant alleges that Plaintiff's EAJA petition contains a number of entries for secretarial or clerical tasks that should not be compensated. Defendant claims that Plaintiff's attorney's billing for work ordinarily performed by non-attorney personnel or clerical staff is a basis for finding that the hours were not reasonably expended. The Eleventh Circuit held that "a fee applicant is not entitled to compensation at an attorney's rate simply because an attorney undertook tasks which were mundane, clerical, or which did not require the full exercise of an attorney's education and judgment." *Norman*, 836 F.2d at 1306. In an act of compromise, Defendant proposed that the time spent performing arguably clerical tasks be billed at a paralegal rate, as opposed to the hourly rate claimed by Plaintiff's counsel. Despite the concession, Plaintiff, in her reply brief, admits the clerical nature of the work, but provides authority from foreign courts that, if billed conservatively, such tasks may be recompensed at an attorney's rate. This Court declines to implement either

4

party's suggested resolution; instead, the undersigned is guided by mandatory appellate authority and persuaded by other district courts in the Eleventh Circuit.

Courts disapprove of the billing at any professional hourly rate for services deemed reasonably performed by members of the support staff, whose salaries are a component of the lawyer's office overhead. *See **Surge***, 155 F. Supp. 2d at 1305 ("These services do not require professional skill or expertise."). Tasks deemed to fall under the clerical category are properly considered overhead costs and are not compensable under the EAJA at any rate. ***Mobley v. Apfel***, 104 F. Supp. 2d 1357, 1360 (M.D. Fla. 2000). Such clerical tasks include, but are not confined to, preparing summons, filing documents, copying documents, serving pleadings, receiving documents, and mailing documents. ***Surge***, 155 F. Supp. 2d at1305 n.7. As a result, the 1.3 hours of clerical work are not compensable at any rate, and $201.50 shall be deducted from Plaintiff's requested attorney's fees.

**2.     Unnecessary Tasks**

Defendant alleges that Plaintiff's EAJA petition contains a number of entries for unnecessary tasks that should not be compensated. Specifically, Defendant claims that time spent contemplating an *in forma pauperis* fee waiver, and time spent discussing the case with the administrative level attorney was unnecessary for the prosecution of this case. Defendant seeks a reduction of $263 from Plaintiff's requested fees. This Court, upon review, finds merit in Defendant's argument and denies in part the request for fees for hours billed in connection with an *in forma pauperis* fee waiver. Here, Plaintiff's counsel has not met his burden to establish entitlement to 1.4 hours of fees for an *in forma pauperis* fee waiver that ultimately was never filed. *See, e.g.,* ***Willits v. Massanari***, No.00-0530-RV-C, 2001 U.S. Dist. LEXIS 6623, at *14-15 (S.D. Ala. 2001) (reducing fee award where

counsel excessively billed for preparation and presentation of *in forma pauperis* motion to client); *Haywood v. Apfel*, No. 95-0130-AH-M, 1998 U.S. Dist. LEXIS 22484, at *11-12 (S.D. Ala. 1998) (determining fee award unreasonable where counsel billed hour for creation of appeal and *in forma pauperis* motion, and time spent transmitting same to client). While the creation of the waiver (.4 hours) is certainly compensable, the game of "telephone tag"[3] (1 hour) is not. As a result, the total number of hours compensable at an attorney's rate shall be reduced by 1 hour, or $155.

**3.     Excessive Time**

Defendant alleges that a portion of the hours reportedly worked on this case by Plaintiff's counsel was excessive. Defendant states that the average time for completing a brief and reply is approximately 15 to 20 hours. However, Defendant fails to elaborate further on why this exhibits a lack of billing judgment. As mentioned earlier, the Eleventh Circuit has explained that "the measure of reasonable hours is determined by the profession's judge of the time that may be conscionably billed and not the least time in which it might theoretically have been done." *Norman*, 836 F.2d at 1306. Other than an unsubstantiated claim, Defendant has not alleged that the billing judgment exercised by Plaintiff is unreasonable or inappropriate. Plaintiff, in response, claims that, while many of the facts and law presented in an earlier letter proposing voluntary remand were similar to those in Plaintiff's brief, such a practice is beneficial in that a settlement could greatly conserve judicial resources and conserve attorney's fees. This Court finds no patent unreasonableness with Plaintiff's request and will not deduct for excessive time.

Accordingly, a total of 2.3 hours will be deducted from Plaintiff's final request; 1.3 hours

---

[3] In an effort to determine Plaintiff's eligibility to proceed *in forma pauperis,* Counsel and Plaintiff's husband exchanged a series of voicemail messages after not being able to reach each other by telephone.

of clerical work and 1 hour of unnecessary work will not be included in the fee award. Consequently, Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act is GRANTED, and Plaintiff's counsel shall be compensated for 39.7 hours at $155 per hour, totaling $6,153.50.

**B.      Motion For Extension of Time**

Plaintiff moved the Court for an extension of time to file an alternate attorney's fee motion pursuant to 42 U.S.C. § 406(b). Plaintiff sought an extension to avoid violating Rule 54 of the Federal Rules of Civil Procedure, which provides that "the [attorney's fee] motion must be filed no later than 14 days after entry of judgment." Fed. R. Civ. P. 54(d)(2)(B). Defendant's only objection to Plaintiff's § 406(b) motion is that it may be untimely. According to Defendant, the 14-day clock has already elapsed if the "entry of judgment" is treated as the day this Court adopted the Magistrate Judge's Report and Recommendation. Interestingly, both parties cite to the same case, *Bergen v. Commissioner of Social Security*, as authority for their respective positions.

On July 6, 2006, the Eleventh Circuit addressed the interplay between the Federal Rules of Civil Procedure, and the United States Code sections dealing with Social Security. Ultimately, the Eleventh Circuit held that "Fed. R. Civ. P. 54(d)(2) applies to a § 406(b) attorney's fee claim." ***Bergen v. Comm'r Soc. Sec.***, 454 F.3d 1273, 1277 (11th Cir. 2006). However, the Eleventh Circuit in *Bergen* declined to decide exactly when the 14-day period begins to run for filing attorney's fee petitions pursuant to § 406(b). ***Id.*** Instead, it suggested that parties relying on § 406(b) for attorney's fees should file a motion with the court entering judgment to extend the 14-day deadline, or in the alternative, request from the court issuing final judgment that it set a date for the clock to

7

begin running. *Id.* at 1278 n.2.[4]  Based on this suggestion, Defendant contends that Plaintiff's motion for an extension is untimely, as over fourteen days have elapsed since judgment was entered by this Court, on March 31, 2006.

Plaintiff filed the motion for an extension on August 5, 2006, some four months after this Court adopted the Magistrate Judge's recommendation to remand her case to the commissioner. Defendant would have the Court deny Plaintiff's motion as untimely for failing to follow the advice of the Eleventh Circuit in *Bergen*.  While this Court encourages all plaintiffs to heed the advice of the Eleventh Circuit, Plaintiff in the case at bar should not be penalized for failing to follow the advice of an opinion that had yet to be written when judgment was entered in her case.  This Court is satisfied that the actual § 406(b) attorney's fee motion was filed within fourteen days of receipt of the notice of award; as a result, there was no need to seek an extension as said motion was not untimely filed.  To be sure, this Court is in agreement with Plaintiff that the logical date for the 14-day clock to begin running is the date that notice of an award is given.  Before that day, any amount that an attorney sought to recover would be purely speculative.  As a result, the Court treats Plaintiff's §406(b) motion as timely filed, obviating the need for her motion for an extension of time.  Thus, her Motion for Extension of Time to File Motion for Attorney Fee Under the Social Security Act (doc. 23) is DENIED as MOOT.

C.     **Attorney's Fees Under the Social Security Act**

After receiving notice of an award from Defendant on August 21, 2006, Plaintiff filed her final motion–an Application for Attorney Fee Under the Social Security Act (doc.25)–four days

---

[4] To be sure, the Eleventh Circuit's suggestion was dictum, and not part of their holding in the case.  Nonetheless, this Court is in agreement with the advice and counsels future claimants to comply in an effort to avoid confusion.

later. Pursuant to 42 U.S.C. § 406(b), Plaintiff moves for an award of a contingent attorney's fee. The Social Security Act provides that:

> Whenever a court renders a judgment favorable to a claimant under this title who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406 (b)(1)(A). This code section "authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." *Bergen*, 454 F.3d at 1277 (vacating decision by Florida district court that denied attorney's fees because its judgment to remand case made no mention of attorney's fees).

In response to Plaintiff's § 406(b) motion for attorney's fees, Defendant renews the argument proffered in the objection raised against the motion for an extension of time. "Defendant does not otherwise object to [Plaintiff's] petition for fees under 406(b) in accordance with Plaintiff's brief and acknowledgment that any EAJA fees awarded will be refunded to his client." The rationale for Defendant's lack of objection is that, for purposes of a § 406(b) motion, the true party at interest is Plaintiff's attorney, who seeks a contingency fee that will be deducted from his client's award. *Gisbrecht*, 535 U.S. at 798 n.6 ("Although the claimants were named as the appellants below, and are named as petitioners here, the real parties in interest are their attorneys, who seek to obtain higher fee awards under § 406(b)."). Defendant has no direct financial stake in the outcome of this particular motion; Defendant's role in the determination of an award of attorney's fees is more akin to that of a trustee for Plaintiff.

Since it was determined above that Plaintiff's motion was not untimely filed, the only question remaining is whether to award Plaintiff's counsel his desired attorney's fee. Plaintiff moved this Court to award her counsel a contingent attorney's fee in the amount of $6,834.37. The Supreme Court analyzed § 406(b) and discussed the limits on the contingency fee:

> [Section] 406(b) calls for court review of [contingent-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. § 406(b)(1)(A) (1994 ed., Supp. V). Within the 25 percent boundary, as petitioners in this case acknowledge, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

*Id.* at 807 (footnotes and citations omitted).

"In determining whether a fee sought under § 406(b) is reasonable, the Court should look first to the contingent fee agreement and should then consider, inter alia, the character of the attorney's representation and the results achieved." **Yarnevic v. Apfel**, 359 F. Supp. 2d 1363, 1365 (N.D. Ga. 2005). "The Court may also consider the hours the attorney spent representing the claimant before the Court and the attorney's normal hourly billing rate for non-contingent fee cases, but this data does not control the Court's determination of the requested fee's overall reasonableness." *Id.* Courts have appropriately reduced the attorney's recovery in situations where the attorney is responsible for a delay in the case, or if the benefits recovered are disproportionately large when compared to the amount of time spent working on the case. **Gisbrecht**, 535 U.S. at 808. "[B]ecause section 406(b) requires an affirmative judicial finding that the fee allowed is reasonable, the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Id.* at 807 n.17. As Plaintiff's motion is essentially unopposed, the Court will address the justifications provided by Plaintiff in her motion.

10

Plaintiff's counsel's request of attorney's fees in the amount of $6,834.37 is reasonable. Plaintiff entered into a contingency fee agreement that provided for the payment of 25% of any recovered past-due benefits as attorney's fees. That percentage was to be divided between Attorney Michel Phillips, who represented Plaintiff in court, and Attorney Bargeron, who represented Plaintiff at the administrative levels. The Commissioner has already approved a fee for Attorney Bargeron in the amount of $5,300. This amount, coupled with the fee sought by Attorney Phillips, totals $12,134.37,[5] which constitutes 24.7% of the past-due benefits awarded Plaintiff.[6] Clearly, this figure is within the statutory requirement in § 406(b) that fees not exceed 25% of benefits recovered.

Based on the hours reportedly worked in this case, Plaintiff's counsel's desired fee translates to a relatively modest hourly rate. While Defendant disputes the actual number of hours spent working on the case that can be billed at an attorney's rate, the hourly rate of approximately $165 remains conservative when compared to other fees deemed reasonable by district courts:

> District courts applying § 406(b)'s reasonableness requirement after *Gisbrecht* have awarded fees yielding an effectively high hourly rate where the plaintiff's counsel had extensive experience in social security representation, the requested fee was relatively small in proportion to the past due benefit award, and plaintiff's counsel bore a substantial risk of loss by pursuing the claim for years under a contingency fee arrangement.

*Yarnevic*, 359 F. Supp. 2d at 1365 (approving contingency fee yielding effectively high hourly rate of $643).

The fee as requested is not artificially inflated because of a delay of the case that increased the amount of past-due benefits recovered. Attorney Phillips has represented Plaintiff for twenty

---

[5] $5,300 + $6,834.37 = $12,134.37

[6] $12,134.37/$49,133.50 = .2469673

11

months and successfully obtained six years of past due benefits. Phillips admits that during the course of his representation of Plaintiff, he requested, and was granted, a thirty-day extension. Phillips was able to compute the actual dollar amount increase occasioned by this delay, and he acknowledges that counsel shall not profit off of a delay he created.[7]

Finally, the Court deems the requested fee reasonable in light of Attorney Phillips's experience with Social Security cases. Although not addressed in his § 406(b) motion, Attorney Phillips expounds on his expertise in the Social Security arena in an affidavit supporting his client's EAJA motion. Attorney Phillips asserts that since 1997 virtually his entire practice has been devoted to Social Security cases at various administrative and judicial levels. Further, he maintains that the hourly rate which he would usually charge for a Social Security case is $300. These contentions made by Attorney Phillips support the reasonableness of the fee requested in his motion. Additionally, it is the opinion of the Court that Attorney Phillips's services were vital to Plaintiff's case. Considering the procedural history of this case, and Plaintiff's difficulties at the administrative levels, it is unlikely that she would have obtained any relief without Attorney Phillips's effective representation. Taking all of the aforementioned factors into account, this Court finds that Plaintiff's counsel's requested fee satisfies the statutory and judicial requirements for reasonableness. Accordingly, Plaintiff's §406(b) attorney's fee motion is GRANTED.

---

[7] The amount requested by Phillips in his motion already reflects the deduction for the benefits incurred while the case was prolonged. By examining the Social Security Administration Notice of Award addressed to his client, Phillips was able to determine that the thirty-day extension he was granted in the case led to a $596 increase in past-due benefits. Phillips acknowledges in his application that this increase was attributable to the extension, and that he should not be able to profit from a delay he occasioned. Accordingly, Phillips computed 25 percent of the increase, and the total award he requested reflects the reduction of that amount, namely $149.

**III.  CONCLUSION**

Plaintiff's counsel's applications for an hourly-rate attorney's fee under EAJA (doc. 20), and for a contingent attorney's fee under Section 206(b)(1)(A) of the Social Security Act, 42 U.S.C. § 406(b)(1)(A) (doc. 25), are both GRANTED as follows:

The Commissioner is ORDERED to pay Plaintiff's counsel Phillips $6,834.37 from Plaintiff's past-due benefits as a contingency fee under the Social Security Act.

The Commissioner is ORDERED to pay Plaintiff's counsel Phillips $6,153.50 (39.7 hours at $155 per hour) from the United States Treasury as an hourly-rate fee under the Equal Access to Justice Act, in addition to $150 in costs and $37.10 in expenses.

Phillips is ORDERED to refund both the $6,153.50 in fees, as well as the $150 in costs, to Plaintiff.

Plaintiff's Motion for Extension of Time to File Motion for Attorney Fee Under the Social Security Act (doc. 23) is DENIED as MOOT.

SO ORDERED, this 22nd day of October, 2007.

/s/ *Hugh Lawson*
HUGH LAWSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT

HL/cbb